GONZALEZ WEERASURIYA, APC
Suren N. Weerasuriya (SBN 278521)
suren@gwlawapc.com
Diana Gonzalez (SBN 282814)
diana@gwlawapc.com
206 West 4th Street, Suite 341
Santa Ana, California 92701
Telephone: (714)367-6944
Facsimile: (760)269-8971

Attorneys for Plaintiff,
Lupe Ray Sanchez, Jr.

SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:(415) 397-2823
Facsimile:(415) 397-8549

SEYFARTH SHAW LLP
Reiko Furuta (SBN 169206)
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:(310) 277-7200
Facsimile:(310) 201-5219

Attorneys for Defendant
Airgas USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE RAY SANCHEZ, JR., an individual, | Case No. 2:26−cv−03795−FLA−SSC |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Date: June 05, 2026<br>Time: 1:00 p.m.<br>Courtroom: 6B |
| AIRGAS USA, LLC; and DOES 1 through 20, inclusive, | |
| Defendants. | |

1

**JOINT RULE 26(f) REPORT**

Plaintiff Lupe Ray Sanchez, Jr., and Defendant Airgas USA, LLC, hereby submit their Joint Rule 26(f) Report.

## A.    Statement Of The Case

### 1.  Plaintiff's Position

Plaintiff brings this putative wage-and-hour class and representative action against Defendant arising from Plaintiff's employment as a non-exempt employee in California. Plaintiff alleges that Defendant maintained uniform policies, procedures, and practices that resulted in violations of the California Labor Code and applicable Industrial Welfare Commission Wage Orders. Specifically, Plaintiff alleges that Defendant failed to pay all minimum and overtime wages, failed to provide compliant meal periods and rest periods, failed to furnish accurate itemized wage statements, failed to timely pay all wages due upon separation of employment, and engaged in unlawful business practices under California Business and Professions Code section 17200. Plaintiff also asserts representative claims under the Private Attorneys General Act ("PAGA").

### 2.  Defendant's Position

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the putative class is/are entitled to any relief, and denies that this case is suitable for class certification. It is Defendant's policy to pay its employees for all time worked and it does not permit off-the-clock work. Its employees are expected accurately to record all time worked so that they can be paid accordingly. Defendant does not instruct any employees to work off the clock, to work while clocked out during their meal breaks, or to fail to accurately record time worked. It is Defendant's policy that its employees are provided meal and rest breaks that are compliant with California law.

At all times, Defendant has maintained lawful policies, which necessarily means that Plaintiff's claims would turn on individualized, fact-dependent inquiries that predominate over any alleged common questions. *See, e.g.*, *McLeod v. Michael's Stores,*

**JOINT RULE 26(f) REPORT**

*Inc.*, 2009 WL 10674458, at \*5 (C.D. Cal. Dec. 15, 2009) (denying class certification; "[Defendant's] policy is also facially valid. … These claims would also turn on individualized, fact-dependent inquiries; common, class-wide questions do not predominate. All the case law militates in favor of denying class certification in the face of a lawful policy."); *Ramirez v. GEO Grp.*, 2019 WL 6782920, at \*6 (S.D. Cal. Dec. 11, 2019) (where the "policy is lawful on its face, any violation would have to be determined on a case-by-case basis, which precludes certification on this issue").

**B.    Subject Matter Jurisdiction**

On April 9, 2026, Defendant removed this action from the Superior Court of California, County of Los Angeles, pursuant to the Class Action Fairness Act, 28 U.S.C. section 1332(d) ("CAFA").  Defendant contends federal jurisdiction is proper under CAFA because Plaintiff is a California citizen, Defendant is a limited liability company organized under the laws of Delaware, with its principal place of business in Pennsylvania, and the amount in controversy exceeds \$5,000,000.

Plaintiff disputes that removal was proper and contends that this Court lacks subject matter jurisdiction. On May 11, 2026, Plaintiff filed a Motion to Remand, which is presently scheduled for hearing on August 21, 2026.

**C.    Legal Issues**

The legal issues include: (1) whether class certification is appropriate under Federal Rule of Civil Procedure 23; (2) whether Plaintiff's claims are preempted in whole or in part by section 301 of the Labor Management Relations Act; and (3) whether any claims are subject to collective bargaining exemptions under Labor Code section 514.

**D.    Parties And Evidence**

Plaintiff anticipates that relevant witnesses may include Plaintiff, putative class members, supervisors, managers, payroll personnel, human resources personnel, persons most knowledgeable concerning timekeeping and payroll practices, and other individuals identified through discovery.

**JOINT RULE 26(f) REPORT**

Relevant documents and electronically stored information are expected to include payroll records, timekeeping records, wage statements, personnel records, scheduling records, meal period and rest period policies, GPS data, collective bargaining agreements, electronic communications, policies and procedures, and other employment-related records.

Defendant is a Delaware limited liability company doing business in California. Defendant maintains that prior to the class certification hearing, the evidence should be limited to class certification issues, which would include the depositions of Plaintiff and Defendant's person most knowledgeable concerning Defendant's policies and practices regarding the allegations set forth in the operative Complaint, as well as individuals employed by Defendant who worked directly with or managed Plaintiff during his shifts, and are expected to have information regarding Plaintiff's work schedules, activities and timekeeping practices and performance. Documents may include Plaintiff's personnel file, Plaintiff's attendance, timekeeping, payroll records, documents evidencing Plaintiff's time worked and breaks taken, and documentation of pertinent policies, including time-keeping and break policies applicable to Plaintiff and training materials presented to Plaintiff.

**E.    Damages**

**1.  Plaintiff's Position**

Plaintiff seeks unpaid wages, unpaid overtime compensation, meal period premiums, rest period premiums, waiting time penalties, wage statement penalties, restitution, civil penalties under PAGA, attorneys' fees, costs, interest, and injunctive relief to the extent permitted by law.

However, at this stage, Plaintiff lacks the evidence and data necessary to determine the range of provable damages. Plaintiff would need timekeeping records, wage statements, and GPS data, to make this determination.

4

**JOINT RULE 26(f) REPORT**

**2. Defendant's Position**

Defendant denies that Plaintiff or the proposed class members suffered any damages and deny that Plaintiff or the putative class is/are entitled to any relief.

**F.     Insurance**

Plaintiff does not have insurance coverage for this case. Neither does Defendant.

**G.     Motions**

Plaintiff filed a Motion to Remand on May 11, 2026, which is presently scheduled for hearing on August 21, 2026.

While Plaintiff does not anticipate filing any other motions relating to the pleadings, he reserves the right to seek leave to amend if this case remains with the Court and discovery reveals additional facts warranting an amendment to the claims, allegations, or parties.

Defendant reserves the right to file a motion for summary judgment/adjudication as to Plaintiff's individual claims and a motion for decertification of Plaintiff's class claims.

**H.     Dispositive Motions**

Plaintiff believes that a Motion for Partial Summary Judgment may be appropriate as to several defenses asserted by Defendant, e.g., preemption, failure to exhaust remedies under the CBA, collective bargaining exemption, meal period waiver, claim and issue preclusion, failure to exhaust administrative remedies, and no employment relationship.

Defendant reserves the right to file a motion for summary judgment/adjudication as to Plaintiff's individual claims and a motion for decertification of Plaintiff's class claims.

**I.     Manual For Complex Litigation**

 The parties do not presently believe that procedure under the Manual for Complex Litigation need to be utilized.

**J.     Status Of Discovery**

**1. Plaintiff's Position**

Because of Plaintiff's pending Motion to Remand, the parties have not commenced

5

**JOINT RULE 26(f) REPORT**

discovery.

If this case remains with the Court, the parties anticipate a dispute over the scope of timekeeping, payroll, and class contact records that Defendant must produce in discovery.

Plaintiff contends that all such discoverable information for the putative class period is discoverable and that privacy concerns can be adequately addressed via the *Belaire-West* notice process and protective order.

### 2. Defendant's Position

Defendant proposes that discovery be conducted in phases. Phase I should be limited to certification issues, with the discovery cut-off being set for the date of the hearing for the motion for class certification. Phase II of the discovery process should deal with liability and damages. Defendant proposes that the Court set a further status conference within 14 days of the Court's ruling on Plaintiff's motion for class certification. At that time, additional deadlines for Phase II discovery can be set. Alternatively, Defendant proposes a discovery cut-off for Phase II discovery to be 90 days prior to trial.

During Phase I of discovery, Defendant intends to depose Plaintiff and any declarants whose declarations are offered as evidence in support of Plaintiff's class certification brief, as well as any other individuals identified in Plaintiff's discovery responses as having information relevant to the issue of class certification.

## K.    Discovery Plan

Plaintiff anticipates seeking discovery regarding, among other things:

- Defendant's timekeeping, payroll, and wage payment practices;

- Policies and procedures concerning meal periods, rest periods, overtime compensation, off-the-clock work, and wage statements;

- Electronically stored information relating to timekeeping, payroll, scheduling,

6

**JOINT RULE 26(f) REPORT**

route assignments, GPS data, and employee communications;

- Collective bargaining agreements and documents relating to Defendant's asserted defenses under Labor Code section 514 and section 301 of the Labor Management Relations Act;

- Putative class size, identities, contact information, and payroll data;

- Policies, procedures, training materials, audits, investigations, and compliance measures concerning California wage-and-hour laws;

- Documents and communications relating to Plaintiff's claims and Defendant's affirmative defenses;

- PAGA-related information concerning alleged aggrieved employees and alleged Labor Code violations; and

- Information relevant to damages, penalties, restitution, and attorneys' fees.

Plaintiff anticipates seeking electronically stored information ("ESI") that will include payroll databases, timekeeping systems, GPS data, scheduling records, emails, electronic communications, and related employment data and will meet and confer regarding the format, scope, search methodologies, and preservation of ESI.

Defendant anticipates the following discovery plan:

- Written discovery to include: Interrogatories, Request for Documents, and Requests for Admission per the Federal Rules of Civil Procedure;

- Oral Discovery to include: deposition of Plaintiff;

- Defendant reserves the right to conduct additional discovery.

The parties presently anticipate that discovery should proceed in phases. Initially, discovery should focus on issues relating to class certification, Defendant's asserted preemption and collective bargaining defenses, and information necessary to evaluate the viability and scope of the asserted class and representative claims. Merits and expert discovery may proceed thereafter pursuant to a scheduling order entered by the Court.

The parties presently do not seek modification of the numerical limitations set forth

**JOINT RULE 26(f) REPORT**

in the Federal Rules of Civil Procedure regarding interrogatories, requests for admission, requests for production, or depositions, but reserve the right to seek appropriate relief should the scope of class and representative discovery warrant modification.

At this time, the parties do not believe that any deviation from the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a) is necessary, although the parties reserve the right to seek appropriate modifications as discovery progresses.

Considering Plaintiff's pending Motion to Remand and the parties' pending request to continue the Scheduling Conference, the parties respectfully request that the Court defer entry of a scheduling order until jurisdictional issues are resolved.

**L.    Discovery Cut-Off**

Subject to the Court's ruling on Plaintiff's Motion to Remand, the parties propose the following discovery deadlines based on the Court's worksheet computations from the June 5, 2026 Scheduling Conference date:

Class certification discovery shall be completed by March 5, 2027, consistent with the deadline to hear the motion for class certification.

All remaining non-expert fact discovery shall be completed by September 24, 2027.

**M.    Expert Discovery**

The parties propose the following expert discovery schedule:

- Initial expert disclosures: October 1, 2027.
- Rebuttal expert disclosures: October 15, 2027.
- Expert discovery cutoff: October 29, 2027.

The parties reserve the right to seek a modified schedule if class certification expert discovery requires separate sequencing before the class certification hearing.

**N.    Settlement/ADR**

The parties have not engaged in settlement negotiations or ADR proceedings to date.

Given the early posture of the case, the pending Motion to Remand, and the absence

8

**JOINT RULE 26(f) REPORT**

of meaningful discovery, the parties believe that ADR would be more productive following the exchange of class certification and preliminary merits discovery.

The parties understand that no case will proceed to trial unless all parties, including a corporate representative with full settlement authority, participate in ADR proceedings as required by the Court.

## O.   Trial Estimate

Plaintiff requests a jury trial.

Given the early posture of the case and the absence of substantial discovery, the parties are not presently able to provide a precise trial estimate or witness count.

Based on the claims and defenses currently asserted, the parties presently estimate that trial may require approximately ten (10) to fifteen (15) court days.

The parties reserve the right to revise these estimates, including anticipated witness counts, as discovery progresses and the issues for trial become more clearly defined.

## P.   Trial Counsel

### 1. *For Plaintiff*

GONZALEZ WEERASURIYA, APC

Suren N. Weerasuriya (278521)

suren@gwlawapc.com

Diana Gonzalez (282814)

diana@gwlawapc.com

206 West 4th Street, Suite 341

Santa Ana, California 92701

### 2. *For Defendant*

SEYFARTH SHAW LLP

Kerry M. Friedrichs (SBN 198143)

kfriedrichs@seyfarth.com

Ryan McCoy (SBN 276026)

9

**JOINT RULE 26(f) REPORT**

rmccoy@seyfarth.com

560 Mission Street, 31st Floor

San Francisco, California 94105

Telephone: (415) 397-2823

Facsimile: (415) 397-8549

SEYFARTH SHAW LLP

Reiko Furuta (SBN 169206)

rfuruta@seyfarth.com

2029 Century Park East, Suite 3500

Los Angeles, California 90067-3021

Telephone: (310) 277-7200

Facsimile: (310) 201-5219

**Q.    Independent Expert Or Special Master**

Currently, the parties do not believe appointment of a special master pursuant to Federal Rule of Civil Procedure 53 or an independent expert is necessary.

The parties reserve the right to revisit this issue as the case progresses, particularly in connection with class certification issues, electronically stored information, damages calculations, expert-related disputes, or complex discovery matters.

**R.    Schedule Worksheet**

See attached.

**S.    Other Issues Affecting Case Management**

On May 8, 2026, the parties filed a Stipulation and Proposed Order seeking to continue the Scheduling Conference due to (a) Plaintiff's counsel's paternity leave; and (b) the Motion to Remand.

As of the date of this Report, the Court has not yet ruled on the request.

10

**JOINT RULE 26(f) REPORT**

Dated:  Ma y 22, 2026                              **GONZALEZ WEERASURIYA, APC**

                                                   */s/ Suren N. Weerasuriya*
                                                   Suren N. Weerasuriya
                                                   Attorneys for Plaintiff
                                                   Lupe Ray Sanchez, Jr.


Dated:  May 22, 2026                               **SEYFARTH SHAW, LLP**

                                                   */s/Reiko Furuta*
                                                   Reiko Furuta
                                                   Attorneys for Defendant
                                                   Airgas USA, LLC

### L.R. 5-4.3.4(a)(2)(i) Certificate

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of the document attests that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


                                                   */s/Reiko Furuta*
                                                   Reiko Furuta

**JOINT RULE 26(f) REPORT**

# SCHEDULE OF PRETRIAL AND TRIAL DATES CLASS ACTION WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| **Case No.** 2:26-cv-03795-FLA-SSC | **Case Name:** Sanchez, Jr. v. Airgas USA, LLC | |
| --- | --- | --- |

| **Trial and Final Pretrial Conference Dates** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| --- | --- | --- |
| Check one: ☒ Jury Trial  or  ☐ Bench Trial<br>Estimated Duration: 10-15 Days | To be set by the court | To be set by the court |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine | To be set by the court | To be set by the court |

| **Event**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week | **Time Computation** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| --- | --- | --- | --- |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 09/04/2026 | 09/04/2026 |
| Last Date to Hear Motion for Class Certification [Friday] | 39 weeks after scheduling conference | 03/05/2027 | 03/05/2027 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 68 weeks after scheduling conference | 09/24/2027 | 09/24/2027 |
| Expert Disclosure (Initial) | 69 weeks after scheduling conference | 10/01/2027 | 10/01/2027 |
| Expert Disclosure (Rebuttal) | 71 weeks after scheduling conference | 10/15/2027 | 10/15/2027 |
| Expert Discovery Cut-Off | 73 weeks after scheduling conference | 10/29/2027 | 10/29/2027 |
| Last Date to Hear Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | To be set by the court | To be set by the court | To be set by the court |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one: ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | 84 weeks after scheduling conference | 01/14/2028 | 01/14/2028 |
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations Containing Direct Testimony, if ordered (bench trial only) | To be set by the court | To be set by the court | To be set by the court |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | To be set by the court | To be set by the court | To be set by the court |

Rev. 2/1/25                                              9